UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENNIE GREEN,

    **Plaintiff,**

v.                                                             Case No. 21-CV-461

CHRISTOPHER POWERS, DAVIS ARNDT,
BRIAN GREFF, CORY O'DONNELL,
BRAD HOMPE, JAMES BOVEE,
JASON BENZEL, and DAISY CHASE,

    **Defendants.**

## ORDER

Plaintiff Bennie Green, who is representing himself, was incarcerated at Dodge Correctional Institution at the time he filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens his complaint.

The court has jurisdiction to screen the complaint in light of Green's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1.      **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Green was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 22, 2021, the court ordered Green to pay $3.54 as an initial partial filing fee. (ECF No. 6.) Green paid the fee on May 14, 2021. The court will grant Green's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

2.      **Screening of the Complaint**

   2.1    *Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Green's Allegations*

On January 3, 2021, Green was an inmate worker assigned to assist with morning showers. (ECF No. 1 at 2.) He alleges he was physically attacked by another inmate with a blunt metal object. (*Id.*) To protect himself, Green "fought off his attacker." (*Id.*)

After being seen in the medical unit, Green was issued a conduct report for assault and disruptive conduct. (ECF No. 1 at 3.) Green states that defendant Christopher Powers, in issuing the conduct report, "failed to rationalize the fact that Green was operating in self-defense." (*Id.*) He was given twenty-one days in segregation. (*Id.*)

Green also states that the defendants who reviewed and affirmed his conduct report, Davis Ardnt and Brian Graff, should have dismissed the conduct report on the basis of self-defense. (ECF No. 1 at 3.) Green further states that the defendants who reviewed and rejected his grievances related to the conduct report, Cory O'Donnell, Brad Hompe, James Bovee, Jason Benzel, and Daisy Chase, should have recognized that the conduct report was issued in error and provided him relief. (*Id.*).

*2.3 Analysis*

Green clams the defendants should have recognized that the conduct report for assault and disruptive conduct was unwarranted because Green was obviously acting in self-defense. A federal § 1983 case is not the appropriate vehicle for an inmate to challenge the outcome of a prison disciplinary procedure. *Johnson v. Eckstein*, Case No. 18-cv-1696-pp, 2019 WL 4540279 at *3 (E.D. Wis. Sept. 19,

2019). Reviewing the validity of a conduct report is a function of state courts. *Id.* (quoting *Simpson v. Nickel,* Case. No. 05-C-232, 2005 WL 2860251 at *2 (W.D. Wis. Oct. 31, 2005). A prisoner must fully exhaust his administrative remedies by appealing the conduct report's decision to the prison warden, and if his appeal is unsuccessful he may then file a writ of certiorari in state circuit court. *Id.* Thus, Green may not proceed on claims against the defendants who were involved with his conduct report, Christopher Powers, Davis Ardnt and Brian Graff.

He also may not proceed on claims against the remaining defendants who rejected his inmate grievances, Cory O'Donnell, Brad Hompe, James Bovee, Jason Benzel, and Daisy Chase. Defendants who review and deny inmate grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007)). Green does not allege that the defendants who rejected his grievances were involved in the underlying conduct. As such, Green fails to state a claim upon which relief may be granted, and his case is dismissed.

## 3. Conclusion

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Green's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Green shall pay the $346.46 balance of the filing fee by sending payments as he is able to the Clerk of Court's office. The payments shall be clearly identified by the case name and number assigned to this case.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 28th day of June, 2021.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge